

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# USA v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4304

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Miller" (2004). *2004 Decisions*. Paper 834.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/834

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 02-4304

UNITED STATES OF AMERICA,

Appellant

v.

EARNEST MILLER,
a/k/a
PAUL JONES
a/k/a
EARNEST RUSSELL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 01 CR 00186)
District Judge: The Honorable Edwin M. Kosik

Submitted pursuant to Third Circuit LAR 34.1
March 22, 2004

Before: FUENTES, SMITH and GIBSON, *Circuit Judges**

(Filed: April 15, 2004)

_____

OPINION OF THE COURT
_____

*The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

SMITH, *Circuit Judge.*

Defendant Earnest Miller moved for a downward departure at sentencing pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4A1.3, contending that his guideline range as a career offender substantially over-represented the seriousness of his criminal history. The District Court granted Miller's motion, effectively eliminating the career offender enhancement, and sentenced Miller to 41 months imprisonment. The United States challenges the propriety of the District Court's departure. For the reasons set forth below, we will vacate the District Court's judgment and remand for resentencing.[1]

## I.

The facts are uncontested. Miller was indicted on three counts in June 2001. Count one charged Miller with possession with the intent to distribute heroin and marijuana. Count two charged Miller with possession with the intent to distribute only heroin. These first two counts also notified Miller that he had been convicted of a previous felony drug offense in July 1993 in California. Count three set forth a claim for criminal forfeiture. Miller pleaded guilty to count two of the indictment on October 11,

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(3). Miller argues that this Court's decision in *United States v. McQuilken*, 92 F.3d 723, 729 (3d Cir. 1996), bars review of the District Court's decision to depart. However, *McQuilken* only precluded review of a District Court's decision *not* to depart. Moreover, this Court has routinely reviewed a District Court's decision to depart downward. *E.g., United States v. Sweeting*, 213 F.3d 95, 101 (3d Cir. 2000).

2

2001.[2]

The presentence report ("PSR") prepared by the Probation Office established Miller's offense level as 18. It awarded him a downward adjustment for acceptance of responsibility, thereby lowering his offense level to 15. His criminal history category was V based on convictions for: possession of cocaine base (crack) in November 1989; petty theft in both January and July 1990; selling cocaine base (crack) in November 1990; possession of cocaine for sale in November 1992; and criminal conspiracy to commit possession of controlled substance (marijuana) with the intent to deliver in February 1999. Based on an offense level of 15 and a criminal history score of V, Miller's guideline range was 37 to 46 months.

Because Miller had three prior felony controlled substance offenses, he qualified as a career offender under U.S.S.G. § 4B1.1. As a result, his offense level was enhanced from 15 to 29. Miller's status as a career offender also enhanced his criminal history score from a category V to category VI. With enhancement, Miller's guideline range increased to 151 to 188 months.

The PSR noted that the only basis for a downward departure was a motion by the Government for a substantial assistance departure. Neither party objected to the PSR. Nor was there an indication by defense counsel prior to sentencing that he would seek a downward departure.

_____

[2]The first count was dismissed after Miller was sentenced. The record before us does not reveal the disposition of the forfeiture count.

In a letter to the District Court dated October 3, 2002, Miller related the circumstances of his upbringing in a poor family in the south, his military service after high school, his subsequent employment with General Dynamics, his affliction with depression and use of drugs, his efforts to rehabilitate himself, his setback as a result of financial and health problems, and his resort to selling drugs. Miller declared that he was a "small time drug dealer" and asked for the mercy of the Court.

At sentencing on October 30, Miller's counsel advised the District Court that Miller took "no exception to what was contained in the [PSR]." The prosecution informed the District Court that it was not seeking a departure for substantial assistance because Miller's information had not been useful. The District Court then noted that it had received several communications from Miller, including his October 3 letter. Because the prosecution had not received a copy of this letter, the District Judge took a brief recess to allow the prosecution to review the letter, explaining that he "would like Mr. Casey to have an opportunity to look at it, because having read it, it is obviously a factor in my mind. And I don't want you to rush through it . . . ."

Following the recess, Miller's counsel asked for a departure under U.S.S.G. § 4A1.3 on the basis that Miller's criminal history over-represented the seriousness of his past criminal conduct. Counsel pointed out that without the career offender enhancement Miller's guideline range was 37 to 46 months. The prosecution opposed Miller's request for a downward departure, reiterating the fact that Miller qualified as a career offender

4

because he had three, not just two, felony drug convictions. In addition, the prosecution pointed out that Miller's criminal history demonstrated that he had been selling drugs over the course of ten years.

The District Court granted Miller's motion and sentenced him to 41 months imprisonment. The 41 month term was within the 37 to 46 month sentencing range that would have been applicable under the PSR in the absence of the career offender enhancement. The District Court simply relied on the original PSR calculation which used an offense level of 15 and a criminal history category of V, and eliminated the § 4B1.1 enhancement.

Prior to announcing the term of imprisonment, the District Court noted that Miller came from "a poor background," had served in the military, and was intelligent and articulate. The Court explained that "while the Government has certainly a valid argument that this would not be a classic case for departure, based on the fact that one's history over-represents the seriousness of the crime with which she's [sic] charged, I'm inclined to tip the scales in favor of this Defendant."

The Judgment entered thereafter indicated that the departure was based on the District Court's finding that "pursuant to U.S.S.G. §§ 4A1.3 and 5K2.0, the guidelines over-represent the seriousness of the defendant's offense and his criminal history." The government filed this timely appeal.

**II.**

In *United States v. Koon*, 518 U.S. 81, 98 (1996), the Supreme Court declared that "a district court's decision to depart from the Guidelines . . . will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." The government asserts, however, that a de novo standard of review is applicable pursuant to 18 U.S.C. § 3742(e), as amended by the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"). Pub. L. 108-21, Title IV, § 401(d), 117 Stat. 650, 670. Miller disagrees and contends that the PROTECT Act's de novo review standard cannot be applied retroactively. For purposes of this appeal, we need not decide whether the PROTECT Act's de novo standard may be retroactively applied. Regardless of whether we review for an abuse of discretion or under a de novo standard, we conclude that the judgment must be vacated.

**III.**

The government argues that Miller met the qualifications of a career offender under U.S.S.G. § 4B1.1 and that a downward departure under U.S.S.G. § 4A1.3 was not appropriate. In the government's view, Miller's criminal history was not unusual in comparison to other career offenders. In addition, the government asserts that the only bases identified by the District Court for departure under U.S.S.G. § 5K2.0 were factors that the Guidelines have explicitly characterized as prohibited or discouraged factors.

A.   **Departures Under U.S.S.G. 4A1.3 for Over-Representing the Seriousness of the Defendant's Criminal History**

Guideline 4A1.3(b) provides that "if reliable information indicates that the

defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or likelihood that the defendant will commit other crimes, a downward departure may be warranted." Subsection (c)(2) further specifies that the court shall specify in writing the "specific reasons why the applicable criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(c)(2). The Application Notes for § 4A1.3 indicate that consideration should be given to not only the number of previous offenses, but also the nature and vintage of these offenses. U.S.S.G. § 4A1.3, Application Note 3.

Here, the able District Judge did not set forth on the record an explanation for his conclusion that Miller's guideline range over-represented either the seriousness of his criminal history or the likelihood that he would commit other crimes. Indeed, scrutiny of the record reveals several factors that militate against a downward departure. First and foremost is the undisputed fact that Miller qualified as a career offender under U.S.S.G. § 4B1.1 because he had *three*, not just two, felony drug convictions. It is also undisputed that, before the career offender enhancement was even applied, Miller's criminal history category was V out of a possible VI. That score was based on six convictions, spanning from 1989 when he was 32 years of age to 1999 when he was 41 years of age. Of the six convictions, four involved drugs.

It is true that there is a two-year interval between Miller's November 1990 and his

7

November 1992 convictions, and an interval of six plus years between the November 1992 and the February 1999 convictions. These intervals, however, are attributable in part to the fact that Miller was incarcerated for periods of time as a result of the revocation of probation. The sentences Miller received early on in his career were lenient and consisted of probation. It is while Miller was on probation that he committed several of the crimes set forth in the PSR criminal history. Although Miller was not on probation when he was charged in 1999 with conspiracy to possess with the intent to deliver, that offense was committed within a year of his release from prison. In short, Miller flouted the terms of his probation and was not deterred from committing additional offenses by the fact that he had been convicted or incarcerated. Recidivism was, therefore, a realistic possibility upon Miller's release from prison for the instant offense.

While Miller may have characterized himself as a "small time drug dealer," the quantities of drugs for which he was convicted increased over the years. For example, early on, in 1989, Miller was arrested after selling crack and was charged with possession. At that time, 1.41 grams of crack were recovered. Miller sold 0.2 grams of crack to an undercover officer in November 1990. In 1999, Miller possessed nine plastic bags of "red devils" and 29 plastic bags of marijuana. In this case, Miller possessed 280.7 grams of marijuana and 8.3 grams of heroin.

In sum, Miller's initial criminal history category of V indicated a serious criminal history. After consideration of the nature of Miller's convictions and the fact that Miller

was not deterred from committing other crimes while on probation, we conclude that there is no support in the record for the District Court's conclusion that Miller's guideline range over-represented either his criminal history or the likelihood that Miller would commit additional crimes upon release from prison for the instant offense.

**B.     Departure Under § 5K2.0**

A departure under U.S.S.G. § 5K2.0 is separate and distinct from a departure under § 4A1.3.   Guideline 5K2.0 provides that a sentencing court may depart from the applicable guideline range in cases not involving child crimes and sexual offenses if

> the court finds, pursuant to 18 U.S.C. § 3553(b)(1), that there exists . . . [a] mitigating circumstance . . . of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objective set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.

U.S.S.G. § 5K2.0(a)(1).  In *Koon*, the Supreme Court observed that the "Commission chose to prohibit consideration of only a few factors, and not otherwise to limit, as a categorical matter, the considerations that might bear upon the decision to depart."  518 U.S. at 94.  The *Koon* Court specifically listed the factors that were "never [to] be bases for departure (race, sex, national origin, creed, religion, socioeconomic status, 1995 U.S.S.G. § 5H1.10; lack of guidance as a youth, § 5H1.12; drug or alcohol dependence, § 5H1.4; and economic hardship, § 5K2.12)." *Id.* at 93 (emphasis added).  In addition to these prohibited factors, *Koon* recognized that the sentencing guidelines listed both discouraged and encouraged factors.  The Supreme Court observed that the discouraged

9

factors included a "defendant's family ties and responsibilities, 1995 U.S.S.G. § 5H1.6, his or her education and vocational skills, § 5H1.2, and his or her military, civic, charitable, or public service record, § 5H1.11." *Id.* at 94 (emphasis added). The *Koon* Court pointed out that the "Commission does not view discouraged factors 'as necessarily inappropriate' bases for departure but says they should be relied upon only 'in exceptional cases.'" *Id.* at 95 (citing 1995 U.S.S.G. ch. 5, pt. H, intro. comment). Similarly, an encouraged factor might be a basis for departure, "but only if it is 'present to a degree substantially in excess of that which ordinarily is involved in the offense.'" *Koon*, 518 U.S. at 95 (citing U.S.S.G. § 5K2.0).

Neither the District Court nor Miller identified any encouraged factor that would warrant the downward departure granted in this case. Our review reveals nothing which fills that void. Although the District Court cited before granting Miller's motion for departure his "poor background," his military service, and the fact that he was intelligent, articulate, and able to "stand on his own two feet," none of these factors can support a departure inasmuch as they are either a prohibited or discouraged factor under the Guidelines. *See* U.S.S.G. §§ 5H1.10; 5H1.11; 5H1.2. Although *Koon* recognizes that discouraged factors may be a basis for departure in exceptional cases, this case is not exceptional. *Koon*, 518 U.S. at 95. As a result, this record is devoid of any facts warranting a downward departure under U.S.S.G. § 5K2.0.

**IV.**

10

Because there are no facts in this record to support the District Court's downward departure under U.S.S.G. § 4A1.3 or U.S.S.G. § 5K2.0, we will vacate the judgment of the District Court and remand for resentencing.